IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:25cv157 |
| SHERIFF, NAVARRO COUNTY | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Richard James Johnson, an inmate currently confined at the Navarro County Jail, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his parole.

Discussion

Petitioner claims his parole was arbitrarily and capriciously revoked based on racial profiling, selective prosecution, and malicious prosecution. Petitioner also complains that his parole was revoked despite the fact that he was not indicted on a new charge.[1]

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring a Petition for Writ of Habeas Corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice. While § 2241 provides federal courts with general authority to grant habeas relief, § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 applies specifically to "persons in custody pursuant to a judgment of a State court . . . ." 28 U.S.C. § 2254; *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

Petitioner is currently confined at the Navarro County Jail located in Corsicana, Texas where he was located when he submitted the petition. Pursuant to 28 U.S.C. § 124, Navarro County is

---

[1] Petitioner's claim that he is being denied access to the courts by the Angelina District Clerk has been severed from this action by separate order this date and is proceeding as a separate civil rights action.

located within the jurisdictional boundaries of the United States District Court for the Northern District of Texas. While Petitioner was originally convicted in this district twenty-five years ago, Petitioner challenges a recent parole revocation and is confined in the Navarro County Jail. The Petition was inadvertently sent to the Lufkin Division of the Eastern District of Texas instead of the district and division in which petitioner is currently confined, the Dallas Division of the Northern District of Texas.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

As Petitioner challenges the revocation of his parole in Navarro County and his custodian is located in Navarro County, this case should be transferred to the Dallas Division of the United States District Court for the Northern District of Texas. A Transfer Order shall be entered in accordance with this Memorandum.

**SIGNED this the 4th day of June, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE